LAND, J.
[1] The motion to dismiss is based on the averment that this court is without jurisdiction ratione materise, because the plaintiff’s petition raises no issue except that as to the ownership- of a sum of money less than $600, deposited by the plaintiff in the registry of the court.
Plaintiff, a mere stakeholder for the defendants, deposited the sum of $569.39 in the registry of the court below, and cited the defendants to assert their respective -rights to the fund.
It appears from the allegations of the- petition that said sum belonging to Linn was to be turned over to Derbes as part of the purchase price of certain property upon the giving by said Derbes of a clear title to the same, guaranteed by the Louisiana Abstract & Title Guarantee Company.
It further appears from the petition that Linn subsequently called on the plaintiff and demanded the return of the fund, on the ground that the agreement with Derbes was off, and that the latter thereupon notified the plaintiff not to turn over the money because the agreement of sale was still in full force and effect.
Defendant Linn in his answer admits that his codefendant, Derbes, agreed to sell to him certain real estate, with a clear, guaranteed title as alleged in the petition, but that said Derbes was not the owner of the property, and on due demand was unable to furnish a title guaranteed by the said company, and thereupon the said Linn notified the said Derbes that the agreement to purchase was off and that he would not take the property.
Linn prayed for judgment, decreeing his ownership of the fund of $569.39 deposited in the registry of the court by the plaintiff, and ordering that the same be paid over to him.
The defendant Derbes in his answer claims said fund as a part of the purchase price of certain real estate sold and delivered by him to his codefendant, Linn, and avers that said sale was complete and perfect.
The defendant Derbes annexed to his answer a full power of attorney from George Generes, in whose name the said property *355 stood, attached to a deed which he tendered to the said Linn.
The answer concluded with a prayer that the respondent be decreed to be the owner of the fund in the registry of the court, and that Linn be condemned in addition, to pay the respondent $5,531, with 8 per cent, interest from August 8, 1915, with vendor’s lien and privilege on the property in question.
There was no exception to the form of the proceedings, and after the case was regularly tried on the pleadings and the evidence, judgment was rendered in favor of Thomas Linn against Charles J. Derbes, decreeing him to be the owner of said deposit of $569.39, and in favor of said Linn and the plaintiff against the said Derbes for their costs.
Both demands of Derbes were tried in the court below, and evidence thereon adduced by both defendants.
The judgments .in favor of Linn necessarily rejected both demands of Derbes.
It is manifest on the face of the record that the claims of Derbes aggregated more than $600. Hence the matter in dispute exceeded the sum of $2,000, and therefore the Supreme Court has jurisdiction of this appeal.
The contention that the claims of Derbes constituted a reconventional demand is without merit. Derbes occupied the attitude of a plaintiff as to his claims against Linn.
The motion to dismiss is therefore overruled.